```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
IN RE APPLICATION OF REALNETWORKS,      :    09 Civ. 7760 (DLC)
INC., YAHOO! INC.                       :
----------------------------------------:
Related to                              :    OPINION AND ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :    41 Civ. 1395 (DLC)
                        Plaintiff,      :
            -v-                         :
                                        :
AMERICAN SOCIETY OF COMPOSERS, AUTHORS  :
AND PUBLISHERS,                         :
                                        :
                        Defendant.      :
----------------------------------------X
```

APPEARANCES:

For ASCAP:
Jay Cohen
Lynn B. Bayard
Darren W. Johnson
1284 Avenue of the Americas
New York, NY 10019
   -and-
Richard H. Reimer
Sam Mosenkis
Christine A. Pepe
American Society of Composers, Authors, and Publishers
One Lincoln Plaza
New York, NY 10023

For applicant Yahoo! Inc.:
Michael S. Elkin
Thomas Patrick Lane
Robert C. Turner
Winston & Strawn LLP
200 Park Ave.
New York, NY 10166

DENISE COTE, District Judge:

   The American Society of Composers Authors and Publishers ("ASCAP") has moved to review and vacate the Clerk of Court's

1

taxation of costs as set forth in Yahoo!, Inc.'s ("Yahoo") January 6, 2011 Bill of Costs (the "January 6 Bill of Costs"). For the following reasons, the motion is granted and the Clerk's January 24 judgment taxing ASCAP for the January 6 Bill of Costs is vacated.

## BACKGROUND

The following facts are undisputed.  On September 28, 2010, the Second Circuit affirmed the district court's ruling that downloads of musical works do not constitute public performances of those works, vacated the assessment of reasonable fees for the blanket ASCAP licenses sought by RealNetworks, Inc. and Yahoo, and remanded the case for further proceedings in light of the Second Circuit's guidance.  United States v. ASCAP (In re Application of RealNetworks, Inc. and Yahoo! Inc.), 627 F.3d 64, 68 (2d Cir. 2010) ("RealNetworks/Yahoo!").  The Second Circuit did not order that costs be taxed to any of the parties.

On October 12, Yahoo filed a Bill of Costs in the Second Circuit (the "October 12 Bill of Costs").  ASCAP objected to Yahoo's October 12 Bill of Costs on October 28, 2010.  ASCAP's objection is still pending before the Second Circuit.  On December 9, the Second Circuit issued its mandate, which did not refer to costs.

On January 6, 2011, pursuant to Rule 54, Fed. R. Civ. P. ("Rule 54"), and Local Rule 54.1, S.D.N.Y R.,[1] Yahoo served ASCAP with a Notice of Settlement of Bill of Costs to be taxed by this Court (the "January 6 Notice"). The January 6 Bill of Costs consists entirely of costs that Yahoo claims it is entitled to receive under Rule 39(e), Fed. R. App. P. ("Rule 39(e)"): the costs for filing notices of appeal ($910.00) and the premiums for supersedeas bonds ($189,000.00). The January 6 Notice set January 24 as the date for submission of the Bill of Costs to the Clerk of Court for taxation.

On January 20, pursuant to Rule 54(d)(1), and Local Rule 54.1(b), ASCAP filed its objections to the January 6 Notice. On January 24, the Clerk entered judgment taxing ASCAP $198,910.00 in costs. On January 28, ASCAP filed a motion to review and vacate the bill of costs. On February 16, ASCAP's motion became fully submitted.

---

[1] Rule 54 is discussed in detail, <u>infra</u>. Local Rule 54.1 provides, in relevant part, that

> within thirty (30) days after the final disposition of the appeal . . . any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation. . . . A party objecting to any cost item shall serve objections in writing prior to or at the time for taxation.

S.D.N.Y. R. 54.1. It is undisputed that both Yahoo's submission of its Bill of Costs and ASCAP's objections were timely.

DISCUSSION

Yahoo has moved pursuant to Rule 54 to recover the appeal costs to which it claims it is entitled under Rule 39(e).  ASCAP argues that since the Realnetwork/Yahoo! decision affirmed, vacated, and remanded the district court's rulings, Rule 39(a) only permits this Court to award appeal costs pursuant to Rule 39(e) if the Court of Appeals makes an award of costs.  It is undisputed that the Second Circuit has made no such award.

"A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself."  Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (citation omitted).  Rule 54(d)(1) provides, in relevant part, that

> [u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorneys' fees -- shall be allowed as of course to the prevailing party unless the court otherwise directs . . . Such costs may be taxed by the clerk on one day's notice.

Fed. R. Civ. P. 54(d)(1) (emphasis supplied).  Since "Rule 54(d) allows costs as of course . . . the losing party has the burden to show that costs should not be imposed."  Whitfield, 241 F.3d at 270 (citation omitted).  The costs that can be awarded pursuant to Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920 (2000), which does not include the costs that

Yahoo seeks to recover here.  See Rangolan v. Cnty. of Nassau, 370 F.3d 239, 250 (2d Cir. 2004) ("The term costs as used in Rule 54(d) is defined in 28 U.S.C. § 1920 (2000)." (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987))).[2]  In certain instances, however, a district court may award the costs that Yahoo seeks to recover -- the costs for filing notices of appeal and the premiums for supersedeas bonds -- pursuant to Rule 39(e).[3]

Rule 39, entitled "Costs", provides, in pertinent part:

(a) Against Whom Assessed.  The following rules apply unless the law provides or the court orders otherwise:

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

---

[2] Section 1920 provides, in relevant part, that:

A judge or clerk of any court of the United States may tax as costs the following:  (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts . . . ; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials . . .; (4) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters . . . ."

28 U.S.C. § 1920.

[3] "[B]ecause Rule 39(e) expressly authorizes the taxation of supersedeas bond costs, it is binding on district courts regardless of whether § 1920 authorizes an award of those costs.  By contrast, Rule 54(d) does not outline any specific costs taxable by the district court, and therefore, as discussed in Crawford, remains limited by § 1920."  Republic Tobacco Co. v. North Atlantic Trading Co., 481 F.3d 442, 448 (7th Cir. 2007).

>    (2) if a judgment is affirmed, costs are taxed against the appellant;
>
>    (3) if a judgment is reversed, costs are taxed against the appellee;
>
>    (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed <u>only as the court orders</u>. . . .
>
>    (e) <u>Costs on Appeal Taxable in the District Court</u>. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule . . . .
>
>    (3) premiums paid for a supersedes bond or other bond to preserve rights pending appeal; and
>
>    (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39 (emphasis supplied).

In <u>L-3 Communications Corp. v. OSI Systems, Inc.</u>, 607 F.3d 24 (2d Cir. 2010), the Second Circuit considered the relationship between Rule 39(a)(4), which states that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed <u>only as the court orders</u>," and Rule 39(e), which describes those appeals costs which are taxable in the district court. <u>Id.</u> at 28. The Second Circuit held that "once a party is entitled to costs, whether pursuant to Rules 39(a)(1) through (3), <u>or by order of the appellate court under Rule 39(a)(4)</u>, it is entitled to seek costs in the district court pursuant to Rule 39(e)." <u>Id.</u> at 29 (emphasis supplied). Similarly, the Eighth Circuit has held that "none of the costs

6

listed as taxable under Rule 39(e) are recoverable in an affirmed-in-part/reversed-in-part case unless the appellate court so indicates." <u>Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.</u>, 497 F.3d 805, 808 (2d Cir. 2007).

The costs Yahoo seeks to recover in its January 6 Bill of Costs are not among those enumerated in § 1920. Thus, regardless of whether ASCAP or Yahoo is the "prevailing party" within the meaning of the Rule 54(d), that rule is a legally inadequate basis on which to award the costs that Yahoo seeks. Furthermore, additional action by the Second Circuit is required before ASCAP can be taxed under Rule 39(e) with supersedeas bond premiums and notice of appeal fees. In <u>Realnetwork/Yahoo!</u>, the Second Circuit "affirm[ed] . . . vacate[d] . . . and remand[ed]" the district court's rulings, <u>Realnetwork/Yahoo!</u>, 627 F.3d at 68, bringing this case within the scope of Rule 39(a)(4). Since the Second Circuit has not ordered that costs be taxed against any party, this Court cannot enter costs against ASCAP under Rule 39(e). ASCAP's motion to vacate the January 6 Bill of Costs is therefore granted.

Yahoo has not identified any legal support for its position that district courts can award costs under Rule 39(e) in cases that fall under Rule 39(a)(4), and in which the court of appeals has not entered an order permitting taxation of costs or referenced costs in its mandate. Indeed, all of the cases on

7

which it relies are distinguishable. See, e.g., North Atlantic Trading Co., 481 F.3d at 445, 449 (court of appeals "ordered each party to bear its own costs" but district court retained significant discretion to award costs under Rule 39(e)); Guse v. J.C. Penney Co., Inc., 570 F.2d 679, 681 (7th Cir. 1978) (costs on appeal awarded by court of appeals); Scaduto v. Orlando, 381 F.2d 587, 596 (2d Cir. 1967) (court of appeals clerk included costs in the mandate).

## CONCLUSION

ASCAP's January 28, 2011 motion to review and vacate the bill of costs is granted. The Clerk of Court shall vacate the January 24, 2011 judgment taxing ASCAP for the January 6 Bill of Costs.

SO ORDERED:

Dated:   New York, New York
         April 15, 2011

_____
DENISE COTE
United States District Judge